## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RASHEEN PERCELL,** | **CIVIL ACTION** |
| *Plaintiff,* | |
| *v.* | **NO.** |
| **CAMDEN COUNTY POLICE OFFICER THANG NGO** | |
| -and- | **JURY TRIAL DEMANDED** |
| **CAMDEN COUNTY POLICE OFFICER ALEXANDER WIZBICKI** | |
| -and- | |
| **CAMDEN COUNTY POLICE OFFICER JOHN DOE #1** | |
| -and- | |
| **CAMDEN COUNTY POLICE DETECTIVE JOHN DOES #2-3** | |
| *Defendants.* | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Rasheen Percell, by and through the undersigned counsel, The O'Hanlon Law Firm, P.C., hereby demand a trial by jury and complain against the above-captioned Defendants in their individual capacities as follows:

### Statement of Claim and Jurisdiction

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendment to the United States Constitution and under the common law of the State of New Jersey against Defendant Officers in their individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and on the state law claims elucidated

herein and pendent jurisdiction to entertain claims arising under federal law pursuant to 28 U.S.C. § 1367.

2.      It is alleged that the individual Defendants made an unreasonable search and seizure of the Plaintiff's person and property without probable cause or even reasonable suspicion and subjected Plaintiff to made an unreasonable seizure of the person of Plaintiff constituting unlawful arrest and imprisonment violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants also violated New Jersey tort law by committing offensive physical contact against the Plaintiff, falsely arresting and imprisoning him, conversion of his property, and violation of his New Jersey Civil Rights.

**Parties**

3.      Plaintiff, Rasheen Percell (hereinafter "Plaintiff") is a citizen of the United States and at all times relevant to the claims arising herein was a resident of Camden County and a citizen of the State of New Jersey with a permanent residential address at 510 Harbor Lane, Sicklerville New Jersey, 08081.

4.      The Defendant, Camden County Police Officer Thang Ngo (hereinafter individually as "Defendant Officer Ngo") was at all times relevant to this complaint duly appointed and acting officer of the Camden County Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the of the State of New Jersey and/or Camden County.  Pursuant to Local Rule 10.1, Defendant Officer Ngo has an address of 800 Federal Street, Camden, NJ 08103.

5.      The Defendant, Camden County Police Officer Alexander Wizbicki (hereinafter individually as "Defendant Officer Wizbicki") was at all times relevant to this complaint duly appointed and acting officer of the Camden County Police Department, acting under color of law,

2

to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the of the State of New Jersey and/or Camden County.  Pursuant to Local Rule 10.1, Defendant Officer Wizbicki has an address of 800 Federal Street, Camden, NJ 08103.

6.      The Defendant, Camden County Police Officer John Doe #1, (hereinafter individually as "Defendant Officer Doe") was at all times relevant to this complaint duly appointed and acting officer of the Camden County Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the of the State of New Jersey and/or Camden County. Pursuant to Local Rule 10.1, Defendant Officer Doe has an address of 800 Federal Street, Camden, NJ 08103.

7.      Defendants Officers Ngo, Wizbicki, and Doe, will be referred to in this complaint collectively as "Defendant Officers."

8.      The Defendants, Camden County Police Detectives John Does #2-3, (hereinafter individually as "Defendant Detective Does") were at all times relevant to this complaint duly appointed and acting officers of the Camden County Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the of the State of New Jersey and/or Camden County.  Pursuant to Local Rule 10.1, Defendant Detective Does have an address of 800 Federal Street, Camden, NJ 08103.

9.      The Defendants, Officer Ngo, Officer Wizbicki, Officer Doe, and Detective Does will be referred to in this complaint collectively as "Defendants."

## Facts

10.      On or about December 8, 2019, at approximately 6:00 P.M., Plaintiff was driving to pick up his girlfriend, Asha Aide, at her beauty salon on Wildwood Ave. Plaintiff was traveling along Kaighn Avenue in Camden, New Jersey.

11.    Plaintiff had stopped to buy a soda at the NY Deli at the intersection of Kaighn and Haddon Ave. Plaintiff got back into his vehicle, proceeded to the end of the road, waited for a green light, and then made a right turn onto Haddon Avenue.

12.    As Plaintiff was approaching Wildwood Avenue, he noticed three police patrol cars in his rearview mirror with their emergency lights activated. Plaintiff pulled off to the side of the road and put his vehicle in park.

13.    The Defendant Officers approached the Plaintiff's vehicle. Defendant Officer Ngo approached Plaintiff's driver side window and the other two Defendant Officers approached on the passenger side of the vehicle.

14.    When the Defendant Officers reached Plaintiff's window, Plaintiff rolled down the vehicle's windows. All three of the Defendant Officers did not ask for Plaintiff's license or other documentation, but instead began to ask Plaintiff what his name was.

15.    Plaintiff asked why the Defendant Officers wished to know his name and whether the officers were conducting a traffic stop and he was being detained.

16.    Defendant Officers told the Plaintiff that he was being stopped because he didn't come to full stop when making a right turn from Kaighn Avenue onto Haddon Avenue. Plaintiff responded that this was patently false given that he had waited for the light to turn green.

17.    However, Defendant Officers did not ask for Plaintiff's identification or documentation but instructed him to get out of his vehicle and state his name.

18.    Plaintiff exited his vehicle and asked the officers why they wanted to know his name.

19.     One of Defendant Officers stated that they were looking for someone by the name Rasheen Percell and were sent to arrest the individual driving the Plaintiff's vehicle. Furthermore, the Defendant Officer stated that they were to bring the individual to the station for questioning.

20.     At no time did Defendant Officers have an arrest warrant, reasonable suspicion, or probable cause to detain or arrest the Plaintiff and bring him to the police station.

21.     Defendant Officers then asked Plaintiff if he had any drugs or weapons on his person or in his vehicle. Plaintiff stated that he did not have any drugs or weapons.

22.     Defendant Officers ignored Plaintiff's comments and began searching and rummaging through Plaintiff's pockets. Defendant Officers found Plaintiff's cell phone and confiscated it without a warrant, reasonable suspicion, or probable cause.

23.     Defendant Officers finished their illegal search of the Plaintiff and proceeded to handcuff and arrest Plaintiff and put him in the back of the police vehicle without reason or justification.

24.     Plaintiff did not use any force against Defendant Officers and did not threaten Defendant Officers in any way.  Plaintiff did not pose any threat to Defendant Officers.

25.     Plaintiff's girlfriend, Asha Aide, exited her beauty salon and asked Defendant Officers why they were arresting Plaintiff.

26.     Ms. Aide tried to intervene and explained to Defendant Officers that the Plaintiff had done nothing wrong. Defendant Officers responded that if Ms. Aide made another comment, she'd be charged with obstructing a law enforcement officer.

27.     The Plaintiff had not committed any crime or criminal wrongdoing and the Defendant Officers had no warrant, reasonable suspicion, or probable cause to detain, arrest, or search the Plaintiff.

28.     Once Plaintiff was in the back of the patrol car Defendant Officers showed Plaintiff a computer screen with the depiction of a person and told him they were looking for this individual.

29.     Two of the Defendant Officers which remained outside of patrol car conducted a complete vehicle search of the Plaintiff's vehicle. The Defendant Officers did not merely frisk the vehicle but searched through it completely including the trunk.

30.     Defendant Officers searched the Plaintiff's trunk and retrieved Plaintiff's eleven-year-old son's baseball bat.

31.     After illegally searching the Plaintiff's vehicle, the Defendant Officers could not find anything incriminating or of any interest.

32.     Defendant Officers then transported Plaintiff to the Camden County Police Station. Plaintiff, still handcuffed, was taken into an interview room and was left there for thirty minutes.

33.     Plaintiff was unsure why he was arrested given that he had committed no crime. Plaintiff was extremely upset and distressed and was fearful for his safety.

34.     After thirty minutes Defendant Detective Does entered the interview room and began questioning Plaintiff about a robbery. Defendant Detective Does stated that they knew Plaintiff was uninvolved with the crime but that he possibly knew who the identity of the perpetrator.

35.     Plaintiff did not know what Defendant Detective Does were talking about and could not provide any information. Plaintiff was just upset that he was arrested and wanted to be let go.

36.     Plaintiff was detained in police custody for approximately 3 hours until he was released.

37.     There was no justification for the actions of the Defendants. The Plaintiff had not committed any crime or criminal wrongdoing and the Defendant Officers had no warrant, reasonable suspicion, or probable cause to detain, arrest, or search the Plaintiff.

38.     Defendants illegally confiscated Plaintiff's cell phone and to date have still not returned his property.

39.     Plaintiff now lives in complete fear of the police and does not feel safe due to these events.

40.     At all times during the events described above, Defendants were engaged in a joint venture. The individual Defendant Police Officers and Detectives assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

41.     At all times relevant hereto, the legal principles regarding the rights of persons, such as Plaintiff, to be free from unlawful searches and seizure, as well as the contours of those Constitutional and statutory rights, were well established, and it was not reasonable for the Defendants to believe that their actions would not deprive the Plaintiff of those rights.

42.     The Defendants' actions violated the clearly established and well-settled federal Constitutional rights of Plaintiff as more clearly set forth in the Counts below.

43.     The conduct of the Defendants as alleged above, of pulling a defenseless man off the street, placing him in handcuffs, arresting, searching, and kidnapping him for several hours without any legal basis or justification, were totally and completely unnecessary, unreasonable, excessive, and outrageous, warranting the award of both compensatory and punitive damages against the Defendants in their individual capacities.

44.     As a direct and proximate result of the said acts or omissions of the Defendants, made possible by, and compounded by, the acts and/or omissions of each and every one of the Defendants, the Plaintiff suffered, *inter alia*, the following injuries, and damages, some or all of which may be permanent in nature:

     i.   Mental pain and suffering, in both the past and the predictable future, including discomfort, loss of sleep, and other emotional injuries including stigma, humiliation, distress, fright, PTSD, and emotional trauma;

     ii.  loss of life's pleasures;

     iii.  general damages for violation of Plaintiff's Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988 Constitution; and

     iv.  punitive damages, which are justified factually as alleged herein, and legally, because the Defendants acted maliciously and/or wantonly in violating the Plaintiff's Constitutionally protected rights, and intentionally, recklessly, and willfully engaged in reprehensible and outrageous conduct not to be tolerated in a civilized society.

45.     Plaintiff further seeks counsel fees and costs as authorized by statute.

46.     The Defendants' actions violated the clearly established and well-settled federal Constitutional rights of Plaintiff and well-settled New Jersey law. It would be unreasonable for any Defendant to believe that they were not violating such rights as more clearly set forth in the Counts below.

     a.  Freedom from unreasonable seizure of his person and arrest without legal basis;

     b.  Freedom from illegal and unreasonable search and seizure without legal basis;

     c.   Offensive physical contact based upon the officers' illegal touching of the Plaintiff's person and arresting him.

     d.   False arrest and imprisonment based upon the officers' detention of the Plaintiff, arresting him, and keeping him in custody for nearly three hours.

     e.   Conversion of the Plaintiff's property.

     f.   Violation of Plaintiff's civil rights guaranteed under the New Jersey constitution and state law.

47.    The Defendants, individually and collectively, at all times pertinent to the claims asserted herein, acted under color of state law.

48.    While acting under color of state law, the Defendants deprived Plaintiff of various state and federal Constitutional rights as more fully set forth herein.

## Causes of Action

### COUNT ONE:  PLAINTIFF v. ALL DEFENDANTS
### 42 U.S.C. § 1983 – FOURTH AMENDMENT AND FOURTEENTH AMENDMENT ILLEGAL SEIZURE AND UNLAWFUL ARREST AND IMPRISONMENT CLAIMS

49.    Paragraphs 1 through 48 are incorporated herein by reference as though fully set forth.

50.    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against all Defendants for infringing upon his Fourth Amendment rights to be free from unreasonable and illegal seizure of his person and false arrest because Plaintiff had done nothing wrong or illegal that would warrant seizure and/or arrest.

51.    Plaintiff was illegally seized by Defendants, acting in concert, when he was seized and arrested without a warrant, reasonable suspicion, or probable cause placed in the back of a police vehicle, transported to a police station, and held there for several hours.

52.     Defendants cannot simply kidnap the Plaintiff against his will without a warrant, reasonable suspicion, or probable cause merely to question him about a third party's alleged criminal activity.

53.     Each Defendant Officer had personal involvement in the infringement of Plaintiff's Fourth Amendment rights.

54.     The Defendant Officers are liable for the Plaintiff's injuries because they were integral participants in the unreasonable detention and arrest.

55.     Defendant Officers acted under color of law and in their individual capacities with all actual and/or apparent authority afforded to police officers.

56.     The Defendants, in a criminal assault, pulled a defenseless man off the street, placed him in handcuffs, arrested and kidnapped him for several hours without any legal basis or justification. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter the Defendants and others like the Defendants from further wrongdoing

57.     All of the aforementioned acts deprived the Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983, including right to be free from illegal and unreasonable seizure and arrest.

58.     Accordingly, Plaintiff should be compensated for the violation of his Fourth Amendment rights to be free from illegal and unreasonable seizure and arrest.

**COUNT TWO: PLAINTIFF v. ALL DEFENDANTS**
**42 U.S.C. § 1983 – FOURTH AMENDMENT AND**
**FOURTEENTH AMENDMENT ILLEGAL SEARCH AND**
**SEZIURE CLAIMS**

10

59.     Paragraphs 1 through 58 are incorporated herein by reference as though fully set forth.

60.     The Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against all Defendants for infringing upon his Fourth Amendment rights to be free from unreasonable and illegal search and seizure of his person and property.

61.     The Defendant Officers' conduct constituted an unlawful search and seizure of the Plaintiff, within the meaning of the Fourth Amendment, in that he experienced, *inter alia*, an unreasonable deprivation of his freedom of movement and intrusion upon the security of his person and property.

62.     Said search and seizure were unreasonable and without probable cause in that the facts and circumstances available to the Defendants would not warrant a prudent officer in believing that the Plaintiff had committed or was committing a crime, which would justify his search or seizure.

63.     Plaintiff was subjected to the unlawful search and seizure in violation of the Fourth Amendment of the United States Constitution.

64.     As a result of the unlawful search and seizure affected upon Plaintiff, Plaintiff suffered damages as stated herein.

65.     Defendants pulled Plaintiff out of his vehicle and began illegally searching him.

66.     Defendants illegally proceeded without a warrant, probable cause, reasonable suspicion, or consent to conduct a full-body search of the Plaintiff's person. Defendants rummaged through the Plaintiff's pockets but found nothing of interest.

67.     Defendants then placed the Plaintiff in the back of a police vehicle in handcuffs. Defendants illegally proceeded without a warrant, probable cause, reasonable suspicion, or consent to conduct a full search of the Plaintiff's vehicle.

68.     Defendants went through the entire vehicle searching it completely including the trunk. Defendants illegally confiscated Plaintiff's cell phone and to date have still not returned his property.

69.     The Defendant Officers acted in concert and assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events. Therefore, the Defendant Officers are liable for the Plaintiff's injuries.

70.     All of the Defendants' aforementioned acts were carried out under the color of state law and by Defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

71.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, including the right to be free from unreasonable search and seizure.

72.     The Defendants, in a criminal assault, unlawfully arrested and detained a defenseless man. The Defendants completely searched Plaintiff's person and his vehicle confiscating his cell phone. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter the Defendants and others like the Defendants from further wrongdoing.

73.     Each Defendant Police Officer had personal involvement in the infringement of Plaintiff's Fourth Amendment rights, and each officer was acting under color of state law.

74.     Accordingly, the Plaintiff should be compensated for the violation of his Fourth Amendment rights to be free from unlawful and unreasonable seizure, arrest, and imprisonment.

## COUNT THREE:  PLAINTIFF v. ALL DEFENDANTS NEW JERSEY TORT LAW – OFFENSIVE PHYSICAL CONTACT CLAIMS

75.     Plaintiff incorporates paragraphs 1 through 74 above as though fully set forth.

76.     The Defendants' acts and conduct as aforesaid constitute an offensive physical contact under the laws and Constitution of the State of New Jersey.

77.     The Defendant Police Officers, acting in concert and under color of state law, grabbed the Plaintiff for no reason and put him in handcuffs.

78.     The Defendant Officers intended to cause or recklessly caused Plaintiff to experience an imminent apprehension of a harmful or offensive bodily contact when Defendants grabbed the Plaintiff and put him in handcuffs.

79.     The Defendants perpetrated a harmful or offensive bodily contact with the Plaintiff by grabbing and handcuffing him against his will. Plaintiff was kept in the handcuffs for nearly three hours.

80.     The offensive physical contact upon Plaintiff's persons was unprovoked and in no manner whatsoever due to any act or failure to act on the part of the Plaintiff. The Defendants' conduct was outrageous, wanton, willful, malicious, shocking to the conscience, and totally without justification.

81.     As a direct and proximate result of the Defendants' treatment of Plaintiff, Plaintiff suffers and continues to suffer pain and anguish.

13

82.     The Defendant intentionally engaged in the offensive physical contact of the Plaintiff. They grabbed hold of an innocent and defenseless man and handcuffed him. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter the Defendants and others like the Defendants from further wrongdoing.

83.     Therefore, Plaintiff should be compensated for the Defendants' violation of the New Jersey tort of offensive physical contact.

## COUNT FOUR:  PLAINTIFF v. ALL DEFENDANTS
## NEW JERSEY TORT LAW - FALSE ARREST AND IMPRISONMENT

84.     Paragraphs 1 through 83 are incorporated herein by reference as though fully set forth.

85.     The Defendants' acts and conduct as aforesaid caused the Plaintiff to be deprived of his rights to be free from unlawful detention and secure in their person and property guaranteed under the laws and Constitution of the State of New Jersey.

86.     Plaintiff was illegally seized by Defendants, acting in concert, when he was seized and arrested without a warrant, reasonable suspicion, or probable cause placed in the back of a police vehicle, transported to a police station, and held there for several hours.

87.     Defendants cannot simply kidnap the Plaintiff against his will without a warrant, reasonable suspicion, or probable cause merely to question him about a third party's alleged criminal activity.

88.     The Defendants knew there was no probable cause to arrest or legal basis to detain the Plaintiff. Defendant intended and caused Plaintiff's restraint and confinement for nearly three hours.

89.     As a direct and proximate result of the Defendant' treatment of Plaintiff, Plaintiff suffered and continues to suffer pain and anguish.

90.     The Defendants, in a criminal assault, pulled a defenseless man off the street, placed him in handcuffs, arrested and kidnapped him for several hours without any legal basis or justification. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter the Defendants and others like the Defendants from further wrongdoing.

91.     Therefore, the Plaintiff should be compensated for the Defendants' violation of the New Jersey tort of false arrest and imprisonment.

## COUNT FIVE:  PLAINTIFF v. ALL DEFENDANTS
## NEW JERSEY TORT LAW - CONVERSION

92.     Paragraphs 1 through 91 are incorporated herein by reference as though fully set forth.

93.     The Defendants' acts and conduct as aforesaid constitute conversion under the laws and Constitution of the State of New Jersey.

94.     The Defendants, acting in concert and under color of state law, grabbed the Plaintiff for no reason and put him in handcuffs.

95.     They searched the Plaintiff's person and vehicle and confiscated his cell phone. To date the Defendants have not returned his property.

96.     All Defendants acted together to use or possess personal property when all Defendants took the Plaintiff's cell phone without any permission of legal justification.

97.     The actions described herein of all Defendants, using the authority of their office to steal, were malicious, intentional and, displayed with a reckless disregard to the rights, safety

and well-being of Plaintiffs and the imposition of punitive damages are warranted to deter such future similar conduct.

98.     Therefore, the Plaintiff should be compensated for the Defendants' violation of the New Jersey tort of conversion.

## COUNT SIX:  PLAINTIFF v. ALL DEFENDANTS
## N.J.S.A. 10:6-2.-VIOLATION OF NEW JERSEY CIVIL
## RIGHTS ILLEGAL SEIZURE AND UNLAWFUL ARREST
## AND IMPRISONMENT CLAIMS

99.     Paragraphs 1 through 98 are incorporated herein by reference as though fully set forth.

100.    The Defendants' acts and conduct as aforesaid constitute a violation of Plaintiff's civil rights under the laws and Constitution of the State of New Jersey to free from illegal seizure and unlawful arrest.

101.    At all times relevant hereto, Defendants, acted under color of state law and/or subject to the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New Jersey or City of Camden, and are each a "state actor" with respect to all facts and circumstances related to this lawsuit.

102.    At all times herein mentioned, all of the aforementioned Defendants, deprived interfered with, and/or attempted to interfere with the Plaintiffs exercise and/or enjoyment of his substantive due process, equal protection rights, and privileges and immunities secured by the Constitution and/or laws of the State of New Jersey, in violation of N.J.S.A. 10:6-2.

103.    Plaintiff was illegally seized by Defendants, acting in concert, when he was seized and arrested without a warrant, reasonable suspicion, or probable cause placed in the back of a police vehicle, transported to a police station, and held there for several hours.

104.    Defendants cannot simply kidnap the Plaintiff against his will without a warrant, reasonable suspicion, or probable cause merely to question him about a third party's alleged criminal activity.

105.    As a direct and proximate result of the violation of the Plaintiff's civil rights guaranteed under N.J.S.A. 10:6-2, the Plaintiff suffered general and specific damages as set forth in this complaint.

106.    The civil rights violations were committed by the Defendants with actual malice and/or wanton and willful disregard of persons who foreseeably might be harmed by the Defendants' actions.

107.    The Defendants, in a criminal assault, pulled a defenseless man off the street, placed him in handcuffs, arrested and kidnapped him for several hours, illegally searched his person and vehicle, and stole his property without any legal basis or justification. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter the Defendants and others like the Defendants from further wrongdoing.

108.    Therefore, the Plaintiff should be compensated for the Defendants' violation of the New Jersey Civil Rights law. The Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A: 15-5.10 et-seq.

### COUNT SEVEN: PLAINTIFF v. ALL DEFENDANTS N.J.S.A. 10:6-2.-VIOLATION OF NEW JERSEY CIVIL RIGHTS ILLEGAL SEARCH AND SEZIURE CLAIMS

109.    Paragraphs 1 through 108 are incorporated herein by reference as though fully set forth.

110.     The Defendants' acts and conduct as aforesaid constitute a violation of Plaintiff's civil rights under the laws and Constitution of the State of New Jersey to free from illegal search and seizure.

111.     At all times relevant hereto, Defendants, acted under color of state law and/or subject to the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New Jersey or City of Camden, and are each a "state actor" with respect to all facts and circumstances related to this lawsuit.

112.     At all times herein mentioned, all of the aforementioned Defendants, deprived interfered with, and/or attempted to interfere with the Plaintiffs exercise and/or enjoyment of his substantive due process, equal protection rights, and privileges and immunities secured by the Constitution and/or laws of the State of New Jersey, in violation of N.J.S.A. 10:6-2.

113.     Defendants pulled Plaintiff out of his vehicle and began illegally searching him.

114.     Defendants illegally proceeded without a warrant, probable cause, reasonable suspicion, or consent to conduct a full-body search of the Plaintiff's person. Defendants rummaged through the Plaintiff's pockets but found nothing of interest.

115.     Defendants then placed the Plaintiff in the back of a police vehicle in handcuffs. Defendants illegally proceeded without a warrant, probable cause, reasonable suspicion, or consent to conduct a full search of the Plaintiff's vehicle.

116.     Defendants went through the entire vehicle searching it completely including the trunk. Defendants illegally confiscated Plaintiff's cell phone and to date have not returned his property.

117.    As a direct and proximate result of the violation of the Plaintiff's civil rights guaranteed under N.J.S.A. 10:6-2, the Plaintiff suffered general and specific damages as set forth in this complaint.

118.    The civil rights violations were committed by the Defendants with actual malice and/or wanton and willful disregard of persons who foreseeably might be harmed by the Defendants' actions.

119.    The Defendants, in a criminal assault, pulled a defenseless man off the street, placed him in handcuffs, arrested and kidnapped him for several hours, illegally searched his person and vehicle, and stole his property without any legal basis or justification. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter the Defendants and others like the Defendants from further wrongdoing.

120.    Therefore, the Plaintiff should be compensated for the Defendants' violation of the New Jersey Civil Rights law. The Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A: 15-5.10 et-seq.

## **Prayer for Relief**

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court for each Count alleged:

a.    Award compensatory damages to Plaintiff against the Defendants, jointly and severally;

b.    Award punitive damages to Plaintiff against the individual Defendants, to punish them and deter further wrongdoing, in their individual capacities, jointly and severally;

    c.        Award costs of this action to the Plaintiff;

    d.        Award reasonable attorney's fees and costs to the Plaintiff pursuant to 42 U.S.C. §§ 1983 and 1988 and any other applicable law;

    e.        Award such other and further relief, as this Court may deem appropriate.

**Demand for Jury Trial**

The Plaintiff hereby demands a jury trial.

**Local Civil Rule 11.2 Certification**

Pursuant to Local Rule 11.2, I hereby certify that the above-captioned matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**THE O'HANLON LAW FIRM, P.C.**

ISRAEL A. SCHWARTZ, ESQUIRE

DATE:  November 2, 2021

**THE O'HANLON LAW FIRM, P.C.**
BY:    Stephen T. O'Hanlon, Esquire (NJ Bar # 027612008)
        Israel A. Schwartz, Esq. (NJ Bar #322722020)
Attorneys for Plaintiff
2 Penn Center, Suite 1410,
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 567-1998
steve@ohanlonlawfirm.com
izzyschwartz@ohanlonlawfirm.com