**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **RASHEEN PERCELL,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| *v.* | : | **NO. 1:21-cv-19520-NLH-AMD** |
| | : | |
| **CAMDEN COUNTY POLICE OFFICER** | : | |
| **THANG NGO** | : | **JURY TRIAL DEMANDED** |
| -and- | : | |
| **CAMDEN COUNTY POLICE OFFICER** | : | |
| **ALEXANDER WIZBICKI** | : | |
| -and- | : | |
| **CAMDEN COUNTY POLICE OFFICER** | : | |
| **THOMAS ANDERSON** | : | |
| -and- | : | |
| **CAMDEN COUNTY POLICE OFFICER** | : | |
| **RYAN FINK** | : | |
| and- | : | |
| **CAMDEN COUNTY POLICE DETECTIVE** | : | |
| **NICHOLAS MARCHIAFARA** | : | |
| *Defendants.* | : | |

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, Rasheen Percell, by and through his undersigned counsel, The O'Hanlon Law Firm, P.C., hereby demands a trial by jury and complains in the present amended form pursuant to Federal Rule of Civil Procedure 15(a)(2) and to this Honorable Court's Order against the above-captioned Defendants in their individual capacitates as follows:

### Statement of Claim and Jurisdiction

1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and

1

1988 and the Fourth and Fourteenth Amendment to the United States Constitution and under the common law of the State of New Jersey against Defendant Officers in their individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and on the state law claims elucidated herein and pendent jurisdiction to entertain claims arising under federal law pursuant to 28 U.S.C. § 1367.

2.      It is alleged that the individual Defendants made an unreasonable search and seizure of the Plaintiff's property without a warrant, probable cause, or even reasonable suspicion violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants also violated the Plaintiff's New Jersey Civil Rights.

**Parties**

3.      Plaintiff, Rasheen Percell (hereinafter "Plaintiff") is a citizen of the United States and at all times relevant to the claims arising herein was a resident of Camden County and a citizen of the State of New Jersey with a permanent residential address at 510 Harbor Lane, Sicklerville New Jersey, 08081.

4.      The Defendant, Camden County Police Officer Thang Ngo (hereinafter individually as "Defendant Officer Ngo") was at all times relevant to this complaint duly appointed and acting officer of the Camden County Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the of the State of New Jersey and/or Camden County.  Pursuant to Local Rule 10.1, Defendant Officer Ngo has an address of 800 Federal Street, Camden, NJ 08103.

5.      The Defendant, Camden County Police Officer Alexander Wizbicki (hereinafter individually as "Defendant Officer Wizbicki") was at all times relevant to this complaint duly appointed and acting officer of the Camden County Police Department, acting under color of law,

to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the of the State of New Jersey and/or Camden County.  Pursuant to Local Rule 10.1, Defendant Officer Wizbicki has an address of 800 Federal Street, Camden, NJ 08103.

6.     The Defendant, Camden County Police Officer Thomas Anderson (hereinafter individually as "Defendant Officer Anderson") was at all times relevant to this complaint duly appointed and acting officer of the Camden County Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the of the State of New Jersey and/or Camden County.  Pursuant to Local Rule 10.1, Defendant Officer Wizbicki has an address of 800 Federal Street, Camden, NJ 08103.

7.     The Defendant, Camden County Police Officer Ryan Fink (hereinafter individually as "Defendant Officer Fink") was at all times relevant to this complaint duly appointed and acting officer of the Camden County Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the of the State of New Jersey and/or Camden County.  Pursuant to Local Rule 10.1, Defendant Officer Wizbicki has an address of 800 Federal Street, Camden, NJ 08103.

8.     Defendants Officers Ngo, Wizbicki, Fink, and Anderson, will be referred to in this complaint collectively as "Defendant Officers."

9.     The Defendants, Camden County Police Detective Nicholas Marchiafara, (hereinafter individually as "Defendant Detective Marchiafara") were at all times relevant to this complaint duly appointed and acting officers of the Camden County Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the of the State of New Jersey and/or Camden County.  Pursuant to Local Rule 10.1, Defendant Detective Does have an address of 800 Federal Street, Camden, NJ 08103.

10.     The Defendants, Officer Ngo, Officer Wizbicki, Officer Anderson, Officer Ryan, and Detective Marchiafara will be referred to in this complaint collectively as "Defendants."

**Facts**

11.     On or about December 8, 2019, Plaintiff was driving to pick up his girlfriend, Asha Aide, at her beauty salon on Wildwood Ave. Plaintiff was traveling along Kaighn Avenue in Camden, New Jersey.

12.     Plaintiff had stopped to buy a soda at the NY Deli at the intersection of Kaighn and Haddon Ave. Plaintiff got back into his vehicle, proceeded to the end of the road, waited for a green light, and then made a right turn onto Haddon Avenue.

13.     As Plaintiff was approaching Wildwood Avenue, he noticed three police patrol cars in his rearview mirror with their emergency lights activated. Plaintiff pulled off to the side of the road and put his vehicle in park.

14.     The Defendant Officers approached the Plaintiff's vehicle. Defendant Officer Ngo approached Plaintiff's driver side window and the other two Defendant Officers approached on the passenger side of the vehicle.

15.     When the Defendant Officers reached Plaintiff's window, Plaintiff rolled down the vehicle's windows. All three of the Defendant Officers did not ask for Plaintiff's license or other documentation, but instead began to ask Plaintiff what his name was.

16.     Plaintiff asked why the Defendant Officers wished to know his name and whether the officers were conducting a traffic stop and he was being detained.

17.     Defendant Officers told the Plaintiff that he was being stopped because he didn't signal properly before making a right turn from Kaighn Avenue onto Haddon Avenue. Plaintiff

responded that this was patently false and there was no need for four police vehicles for a minor traffic infraction.

18.     However, Defendant Officers did not ask for Plaintiff's identification or documentation but instructed him to get out of his vehicle and state his name.

19.     Plaintiff exited his vehicle and asked the officers why they wanted to know his name.

20.     Defendant Officers then asked Plaintiff if he had any drugs or weapons on his person or in his vehicle. Plaintiff stated that he did not have any drugs or weapons.

21.     Defendant Officers ignored Plaintiff's comments and began searching and rummaging through Plaintiff's pockets.

22.     Defendant Officers found two of Plaintiff's cell phones and confiscated them without a warrant, reasonable suspicion, or probable cause.

23.     One of Defendant Officers stated that they were looking for someone by the name Rasheen Percell and were sent to arrest the individual driving the Plaintiff's vehicle. Furthermore, the Defendant Officer stated that they were to bring the individual to the station for questioning.

24.     Once Plaintiff was in the back of the patrol car Defendant Officers showed Plaintiff a computer screen with the depiction of a person and told him they were looking for this individual.

25.     Defendant Officers finished their search of the Plaintiff and proceeded to handcuff and arrest Plaintiff and put him in the back of the police vehicle.

26.     Defendant Officers had no warrant, reasonable suspicion, or probable cause to seize the Plaintiff's property. Defendant Officers claimed that they were ordered to seize all electronics.

27.     Officer Wizbicki then transported Plaintiff to the Camden County Police Station. Plaintiff, still handcuffed, was taken into an interview room and was left there for thirty minutes.

28.     After thirty minutes Defendant Detective Does entered the interview room and began questioning Plaintiff about a robbery. Defendant Detective Does stated that they knew Plaintiff was uninvolved with the crime but that he possibly knew who the identity of the perpetrator.

29.     Plaintiff did not know what Defendant Detective Does were talking about and could not provide any information. Plaintiff was just upset that he was arrested and wanted to be let go.

30.     There was no justification for the actions of the Defendants. The Defendant Officers had no warrant, reasonable suspicion, or probable cause to seize the Plaintiff's property.

31.     Defendants illegally confiscated Plaintiff's cell phone and to date have still not returned his property.

32.     Defendants searched the phones without a warrant and retrieved the phone numbers. Defendants without a warrant used this information to send subpoenas to the phone company to solicit private customer information.

33.     Defendants have not returned Plaintiff's property.

34.     Plaintiff now lives in complete fear of the police and does not feel safe due to these events.

35.     At all times during the events described above, Defendants were engaged in a joint venture. The individual Defendant Police Officers and Detectives assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

36.     At all times relevant hereto, the legal principles regarding the rights of persons, such as Plaintiff, to be free from unlawful searches and seizure, as well as the contours of those

Constitutional and statutory rights, were well established, and it was not reasonable for the Defendants to believe that their actions would not deprive the Plaintiff of those rights.

37.     The Defendants' actions violated the clearly established and well-settled federal Constitutional rights of Plaintiff as more clearly set forth in the Counts below.

38.     The conduct of the Defendants as alleged above, of pulling a defenseless man off the street, and seizing his possessions without any legal basis or justification, were totally and completely unnecessary, unreasonable, excessive, and outrageous, warranting the award of both compensatory and punitive damages against the Defendants in their individual capacities.

39.     As a direct and proximate result of the said acts or omissions of the Defendants, made possible by, and compounded by, the acts and/or omissions of each and every one of the Defendants, the Plaintiff suffered, *inter alia*, the following injuries, and damages, some or all of which may be permanent in nature:

      i.   Mental pain and suffering, in both the past and the predictable future, including discomfort, loss of sleep, and other emotional injuries including stigma, humiliation, distress, fright, PTSD, and emotional trauma;

      ii.  loss of life's pleasures;

      iii. general damages for violation of Plaintiff's Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988 Constitution; and

      iv.  punitive damages, which are justified factually as alleged herein, and legally, because the Defendants acted maliciously and/or wantonly in violating the Plaintiff's Constitutionally protected rights, and intentionally, recklessly, and

willfully engaged in reprehensible and outrageous conduct not to be tolerated in a civilized society.

40.     Plaintiff further seeks counsel fees and costs as authorized by statute.

41.     The Defendants' actions violated the clearly established and well-settled federal Constitutional rights of Plaintiff and well-settled New Jersey law. It would be unreasonable for any Defendant to believe that they were not violating such rights as more clearly set forth in the Counts below.

    a.   Freedom from illegal and unreasonable search and seizure without legal basis;

    b.   Conversion of the Plaintiff's property.

    c.   Violation of Plaintiff's civil rights guaranteed under the New Jersey constitution and state law.

42.     The Defendants, individually and collectively, at all times pertinent to the claims asserted herein, acted under color of state law.

43.     While acting under color of state law, the Defendants deprived Plaintiff of various state and federal Constitutional rights as more fully set forth herein.

**<u>Causes of Action</u>**

**COUNT ONE: PLAINTIFF v. ALL DEFENDANTS
42 U.S.C. § 1983 – FOURTH AMENDMENT AND
FOURTEENTH AMENDMENT ILLEGAL SEARCH AND
SEZIURE CLAIMS**

44.     Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth.

45.     The Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against all Defendants for infringing upon his Fourth Amendment rights to be free from unreasonable and illegal search and seizure of his person and property.

8

46.     The Defendant Officers' conduct constituted an unlawful search and seizure of the Plaintiff, within the meaning of the Fourth Amendment, in that he experienced, *inter alia*, an unreasonable deprivation of his freedom of movement and intrusion upon the security of his person and property.

47.     Said search and seizure were unreasonable and without probable cause in that the facts and circumstances available to the Defendants would not warrant a prudent officer in believing that the Plaintiff had committed or was committing a crime, which would justify his search or seizure.

48.     Plaintiff was subjected to the unlawful search and seizure in violation of the Fourth Amendment of the United States Constitution.

49.     As a result of the unlawful search and seizure affected upon Plaintiff, Plaintiff suffered damages as stated herein.

50.     Defendants illegally, without a warrant, probable cause, reasonable suspicion, or consent, conducted a full search of the Plaintiff's phones.

51.     Defendants illegally confiscated Plaintiff's cell phone and to date have still not returned his property.

52.     Defendants searched the phones without a warrant and retrieved the phone numbers. Defendants without a warrant used this information to send subpoenas to the phone company to solicit private customer information.

53.     Defendants have not returned Plaintiff's property.

54.     The Defendant Officers acted in concert and assisted each other in performing the various actions described and lent their physical presence and support and the authority of their

office to each other during the said events. Therefore, the Defendant Officers are liable for the Plaintiff's injuries.

55.     All of the Defendants' aforementioned acts were carried out under the color of state law and by Defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

56.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, including the right to be free from unreasonable search and seizure.

57.     The Defendants, in a criminal assault, unlawfully seized the property of an innocent man. The Defendants searched and confiscated Plaintiff's cell phone. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter the Defendants and others like the Defendants from further wrongdoing.

58.     Each Defendant Police Officer had personal involvement in the infringement of Plaintiff's Fourth Amendment rights, and each officer was acting under color of state law.

59.     Accordingly, the Plaintiff should be compensated for the violation of his Fourth Amendment rights to be free from unlawful and unreasonable seizure, arrest, and imprisonment.

### COUNT TWO: PLAINTIFF v. ALL DEFENDANTS N.J.S.A. 10:6-2.-VIOLATION OF NEW JERSEY CIVIL RIGHTS ILLEGAL SEARCH AND SEZIURE CLAIMS

60.     Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth.

61.     The Defendants' acts and conduct as aforesaid constitute a violation of Plaintiff's civil rights under the laws and Constitution of the State of New Jersey to free from illegal search and seizure.

62.     At all times relevant hereto, Defendants, acted under color of state law and/or subject to the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New Jersey or City of Camden, and are each a "state actor" with respect to all facts and circumstances related to this lawsuit.

63.     At all times herein mentioned, all of the aforementioned Defendants, deprived interfered with, and/or attempted to interfere with the Plaintiffs exercise and/or enjoyment of his substantive due process, equal protection rights, and privileges and immunities secured by the Constitution and/or laws of the State of New Jersey, in violation of N.J.S.A. 10:6-2.

64.     Defendants illegally, without a warrant, probable cause, reasonable suspicion, or consent, conducted a full search of the Plaintiff's phones.

65.     Defendants illegally confiscated Plaintiff's cell phone and to date have still not returned his property.

66.     Defendants searched the phones without a warrant and retrieved the phone numbers. Defendants without a warrant used this information to send subpoenas to the phone company to solicit private customer information.

67.     Defendants have not returned Plaintiff's property.

68.     As a direct and proximate result of the violation of the Plaintiffs civil rights guaranteed under N.J.S.A. 10:6-2, the Plaintiff suffered general and specific damages as set forth in this complaint.

69.     The civil rights violations were committed by the Defendants with actual malice and/or wanton and willful disregard of persons who foreseeably might be harmed by the Defendants' actions.

70.     The Defendants, in a criminal assault, pulled a defenseless man off the street,  and illegally searched, seized, and stole his cell phones without any legal basis or justification. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter the Defendants and others like the Defendants from further wrongdoing.

71.     Therefore, the Plaintiff should be compensated for the Defendants' violation of the New Jersey Civil Rights law. The Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A: 15-5.10 et-seq.

### Prayer for Relief

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court for each Count alleged:

a.     Award compensatory damages to Plaintiff against the Defendants, jointly and severally;

b.     Award punitive damages to Plaintiff against the individual Defendants, to punish them and deter further wrongdoing, in their individual capacities, jointly and severally;

c.     Award costs of this action to the Plaintiff;

d.     Award reasonable attorney's fees and costs to the Plaintiff pursuant to 42 U.S.C. §§ 1983 and 1988 and any other applicable law;

e.     Award such other and further relief, as this Court may deem

appropriate.

## **Demand for Jury Trial**

The Plaintiff hereby demands a jury trial.

## **Local Civil Rule 11.2 Certification**

Pursuant to Local Rule 11.2, I hereby certify that the above-captioned matter is not the

subject of any other action pending in any court or of any pending arbitration or administrative

proceeding.

**THE O'HANLON LAW FIRM, P.C.**

ISRAEL A. SCHWARTZ, ESQUIRE

DATE:  June 13, 2022

**THE O'HANLON LAW FIRM, P.C.**
BY:    Stephen T. O'Hanlon, Esquire (NJ Bar # 027612008)
         Israel A. Schwartz, Esq. (NJ Bar #322722020)
Attorneys for Plaintiff
2 Penn Center, Suite 1410,
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 567-1998
steve@ohanlonlawfirm.com
izzyschwartz@ohanlonlawfirm.com